# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD WATSON and DAVID CLARY, *on behalf of themselves and others similarly situated*, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 16-1823 |
| v. | ) ) ) | Judge Cathy Bissoon |
| PRESTIGE DELIVERY SYSTEMS, INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion to Remand filed by Plaintiffs Richard Watson and David Clary ("Plaintiffs") **(Doc. 7)**. For the reasons stated below, the Court will GRANT Plaintiffs' Motion to Remand **(Doc. 7)** and REMAND this action to Court of Common Pleas of Allegheny County, Pennsylvania. However, the Court will DENY Plaintiffs' request for attorneys' fees and costs under 28 U.S.C. § 1447(c).

## MEMORANDUM

### A. Background

On September 11, 2009, Plaintiff Richard Watson filed a class action complaint against Defendants Prestige and NICA in the Court of Common Pleas of Allegheny County. (See Compl. (Doc. 7-3)). Over the course of the litigation, Plaintiffs amended the complaint three times. (See Doc. 7-3; Am. Compl. (Doc. 7-6); Second Am. Compl. (Doc. 7-4); Third Am. Compl. (Doc. 7-7); Fourth Am. Compl. (Doc. 7-5)). The operative complaint is the Fourth

Amended Complaint, filed by Plaintiffs on February 27, 2012. (Doc. 7-5). Each iteration of the complaint contains an allegation that defines the class as including: all Pennsylvania residents who worked for Prestige Delivery Systems as package pick-up and delivery drivers in Pennsylvania, and who were designated by Defendants as independent contractors "during the period September 10, 2006 to the present." (Doc. 7-3 ¶ 55; Doc. 7-6 ¶ 59; Doc. 7-4 ¶ 77; Doc. 7-7 ¶ 77; Doc. 7-5 ¶ 83) (emphasis added). Furthermore, each iteration of the complaint (with the exception of the original complaint), contains a provision stating that "the value of the matter in controversy does not exceed $5,000,000." (Doc. 7-6 ¶ 70; Doc. 7-4 ¶ 88; Doc. 7-7 ¶ 88; Doc. 7-5 ¶ 94).

On May 6, 2013, Plaintiffs moved for class certification. (State Court Docket (Doc. 7-8)). In their Motion for Class Certification, Plaintiffs explicitly sought certification of a class including all Prestige drivers from September 10, 2006 to the present, as well as a subclass of drivers who worked for Prestige while Prestige was under contract with NICA from 2006 to 2009. (Motion for Class Certification (Doc. 7-17), ¶¶ 1, 12). In its brief in opposition to the Motion for Class Certification, Prestige acknowledged that Plaintiffs were seeking to certify a class of drivers from 2006 to the present, though it disputed that Plaintiffs had clearly delineated the class period in their complaints. (See, e.g., Prestige's May 13, 2015 Reply to Plaintiffs' Motion for Class Certification (Doc. 7-32) at 18) ("For nearly a year, Plaintiffs have clung to the argument that the class, if certified, extends from 2006 to the present.")).

On March 24, 2016, the Court of Common Pleas of Allegheny County granted Plaintiffs' Motion for Class Certification as to Counts II and V of the Fourth Amended Complaint. (See Class Certification Order (Doc. 7-13) at 19-20). Consistent with Plaintiffs' class definition in every iteration of the complaint, the state court defined the class as "all persons who are or were

Pennsylvania residents who worked for Prestige Delivery Systems, Inc., as package pick-up and delivery drivers in Pennsylvania for one week or more, and who were designated by defendants as 'independent contractors' during the period of September 10, 2006 to the present." (Id. at 19). Thereafter, Prestige filed several motions, purportedly "[s]eeking clarification [of the March 24, 2016 Order regarding whether] . . . the class was now expanded beyond March 15, 2009." (Notice of Removal (Doc. 1) ¶ 21; Doc. 1-12 at 4-22).

On November 7, 2016, the Court of Common Pleas issued an order denying reconsideration. (Doc. 1-12 at 463). Less than one month later, on December 6, 2016, Prestige filed its Notice of Removal. (Doc. 1). Prestige asserts that this Court has jurisdiction over this case under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) because the amount of damages in dispute now exceeds $5 million. (Id. ¶¶ 32, 36). Prestige claims that its Notice of Removal was timely, because it was filed within thirty days of the state court's November 7, 2016 Order Denying Reconsideration. Prestige argues that the November 7, 2016 Order "had the determinative effect of expanding the class from approximately three (3) years to at least ten (10) years," and that "[b]ased on the even most rudimentary and minimalist damages estimates, as this is now a 10+ year class, there is no factual or logical way for the potential damages to be under $5,000,000." (Doc. 1 ¶¶ 27-28).

Plaintiffs filed the instant motion to remand on January 5, 2017. Although Plaintiffs do not contest that federal jurisdiction exists under CAFA, they argue that Prestige's removal of this action was untimely. In addition, Plaintiffs request payment of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).

B. **Discussion**

   a. Prestige's Notice of Removal Was Untimely

Plaintiffs assert that Prestige failed to remove this action to federal court within the 30 day period prescribed by 28 U.S.C. § 1446(b). Under Section 1446, a notice of removal must be filed "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). If the case is initially not removable, however, a notice of removal "may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3) (emphasis added). Although Section 1446(b) does not define "other paper," the statute is clear "that the time for removal begins to run when the defendant receives the requisite written notice of facts which make the case removable." Broderick v. Dellasandro, 859 F. Supp. 176, 178 (E.D. Pa. 1994).

In its Notice of Removal, Prestige claims that it was not on notice that the putative class period ran from 2006 to the present, and thus was not aware that the amount in controversy exceeded $5 million, until the Court of Common Pleas denied reconsideration and entered a final class certification order on November 7, 2016. (See Doc. 1 ¶¶ 18-31). But the record clearly belies Prestige's claim. As Plaintiffs assert in their Motion to Remand, *each and every iteration of the complaint*, including the Fourth Amended Complaint, defines the class as extending from "September 10, 2006 to the present." (Doc. 7-3 ¶ 55; Doc. 7-6 ¶ 59; Doc. 7-4 ¶ 77; Doc. 7-7 ¶ 77; Doc. 7-5 ¶ 83). Furthermore, Plaintiffs' Motion for Class Certification, filed in 2013, explicitly sought certification of a class of Prestige drivers from September 10, 2006 to the present. (Doc. 7-17 ¶¶ 1, 12). These litigation documents put Prestige on notice that the class

period extended from 2006 to the present.  Indeed, in briefing filed in 2015, Prestige acknowledged as much, stating:  "*For nearly a year*, Plaintiffs have clung to the argument that the class, if certified, extends from 2006 to the present."  (Doc. 7-32 at 18) (emphasis added).  Accordingly, the record in this case indisputably demonstrates that Prestige knew that the class period ran from 2006 to the present long before it filed its Notice of Removal.

Prestige nonetheless argues that it could not have known that the case was removable under CAFA because the state court complaints expressly provided that the amount in controversy was less than $5 million.  (Prestige's Brief in Opposition to Motion to Remand (Doc. 13) at 2) ("In particular, the entire argument of the Plaintiffs in support of their motion for remand is that Prestige "could have, should have" known (or guessed) that the damages were above $5,000,000, even though the Plaintiffs had filed a verified pleading specifically stating that the damages were under $5,000,000.").  The Court, however, attaches no significance to Plaintiffs' assertions in their complaints that the amount in controversy is less than $5 million.  As the United States Supreme Court held in Standard Fire Insurance Co. v. Knowles, 133 S. Ct. 1345 (2013), this type of pre- certification stipulation in a complaint does not, by itself, take a case outside CAFA's scope, because the stipulation can bind only the named plaintiff and not the entire proposed class.  Id. at 1348–50.  Thus, Prestige should have known (at least after the Supreme Court issued the Knowles decision in 2013) that Plaintiffs' allegations regarding the jurisdictional amount in controversy were not binding.[1]  In any event, even if the complaints did not, on their face, demonstrate removability, other litigation documents filed over the course of this seven-year litigation clearly put Prestige on notice that the amount in controversy exceeded $5 million.  As noted, Prestige acknowledged in briefing filed in 2015 that, for over a year,

---

[1]  To be clear, even the operative iteration of the Amended Complaint indicates that the amount sought does not exceed $5 million.

Plaintiffs had expressed their intent to certify a class extending from 2006 to the present. (Doc. 7-32 at 18). Prestige also conceded in its Notice of Removal that, as soon as it was on notice that Plaintiffs sought to certify a class extending from 2006 to the present, it knew that the amount in controversy exceeded $5 million. (Doc. 1 ¶ 28 ("Based on the even most rudimentary and minimalist damages estimates, as this is now a 10+ year class, there is no factual or logical way for the potential damages to be under $5,000,000."). Because Prestige clearly knew by 2014 (if not earlier) that the amount in controversy exceeded $5 million, Prestige cannot rely on the jurisdictional averments in Plaintiffs' complaints to argue that its Notice of Removal was timely.

Prestige's reliance on Portillo v. Nat'l Freight, Inc.. 169 F. Supp. 3d 585 (D.N.J. 2016) also is misplaced. Prestige cites to Portillo for the proposition that defendants have no "affirmative duty" to investigate whether the amount in controversy in a case exceeds $5 million. In fact, the Portillo Court explained:

> 28 U.S.C. § 1446(b) . . . imposes a time limit on [] removal only where the Plaintiffs' initial pleading or subsequent document sufficiently demonstrates removability. In other words, these limitations focus "solely on when the plaintiffs' papers reveal removability," and defendants have, in their own right, no duty to investigate or supply facts outside of those provided by the plaintiff.

169 F. Supp. 3d at 596 (citing Romulus v. CVS Pharmacy, Inc., 770 F.3d 67, 69 (1st Cir. 2014). Here, as discussed above, both Plaintiffs' "initial pleading and subsequent documents" filed by Plaintiffs sufficiently demonstrated removability under CAFA. Accordingly, Portillo's holding that defendants are not required to conduct an independent investigation into removability when a plaintiff's papers *do not* reveal such a basis is inapplicable here.

Finally, Prestige argues that it "was not required to anticipate losing its argument on class size" when calculating the amount in controversy under CAFA. (Doc. 13 at 5). But, in fact, that is exactly what it was required to do. As Plaintiffs argue, the removal statute requires notice of the "amount in controversy," *i.e.*, the amount the plaintiff is seeking, not, as Prestige insists, the

amount of damages that the plaintiff will necessarily be awarded. 28 U.S.C. § 1446(c)(2); see Allen v. Bloomingdale's, Inc., 2016 WL 4579975, at *2 (D.N.J. July 19, 2016) ("A jurisdictional analysis is performed on what is alleged in the Complaint, not what one may ultimately recover . . ."); accord Weis v. Del Webb Communities, 2013 WL 3297099, * 3 (D. Nev. 2013) ("[T]he ultimate existence of facts or allegations necessary to support removal does not need to be conclusively determined before § 1446's clock begins running. . . . Whether or not Plaintiffs would eventually succeed in certifying their claim on appeal had no bearing on whether the case 'is one which is or has become removable.'").

In short, because Prestige knew that Plaintiffs sought to certify a class that covered the period 2006 to the present and, thus, that the amount in controversy exceeded $5 million, years before it filed its Notice of Removal, removal in this case was not timely. Accordingly, the Court will grant Plaintiffs' Motion to Remand, and will remand this case to the Court of Common Pleas of Allegheny County.

> b. **The Court will Not Award Attorneys' Fees and Costs to Plaintiffs**

Plaintiffs also request that the Court award them attorneys' fees and costs incurred in responding to Prestige's untimely removal. A district court is authorized to impose attorneys' fees and other costs when a plaintiff prevails on a Motion to Remand. 28 U.S.C. § 1447(c). "The standard for awarding fees [under § 1447(c)] should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. This standard "recognize[s] the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on

the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 140.

The Court finds that Prestige had a reasonable basis for seeking removal in this case. Indeed, as both parties seem to agree, this case meets the statutory requirements for removability under CAFA. Accordingly, the Court will not exercise its discretion to award attorneys' fees and costs in this case.

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion to Remand is GRANTED

2. Plaintiffs' request for attorneys' fees is DENIED.

3. This matter shall be REMANDED to the Court of Common Pleas of Allegheny County, Pennsylvania.

4. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

February 16, 2017            s/Cathy Bissoon
                                                                            Cathy Bissoon
                                                                          United States District Judge

CC (via ECF email notification):

All Counsel of Record